Toolasprashad v City of New York (2019 NY Slip Op 00825)





Toolasprashad v City of New York


2019 NY Slip Op 00825


Decided on February 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2019

Friedman, J.P., Mazzarelli, Webber, Kern, Oing, JJ.


8310 152315/16

[*1]Rudranauth O. Toolasprashad, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents.


Thomas Torto, New York, for appellant.
Zachary W. Carter, Corporation Counsel, New York (Melanie T. West of counsel), for respondents.



Judgment, Supreme Court, New York County (Gerald Lebovits, J.), entered June 1, 2017, dismissing the complaint, pursuant to an order, same court and Justice, entered on or about May 3, 2017, which granted defendants' motion to dismiss the complaint, unanimously affirmed, without costs.
Plaintiff, a former police officer, brings this plenary action to challenge the vesting date of his right to receive Police Pension Fund payments. The gravamen of plaintiff's claims is a review of the Police Pension Fund's administrative determination of his vesting date, which must be asserted in a CPLR article 78 proceeding (see Hughey v Metropolitan Transp. Auth., 159 AD3d 596, 597 [1st Dept 2018]; Purcell v City of New York, 110 AD3d 535 [1st Dept 2013], lv denied 22 NY3d 859 [2014]). Because plaintiff did not assert his claims within the four-month statute of limitations applicable to article 78 claims, they are time-barred (CPLR 217[1]).
In any event, the record shows that he failed to state a claim for breach of contract as the complaint does not make mention of a contract. Furthermore, even if plaintiff stated a claim for a declaratory judgment that his right to receive pension payments vested in or about June 2011, based particularly on the prior holding of this Court that the 30-day vesting period "began running anew following the Court of Appeals' denial of leave to appeal" in that action (Matter of Toolasprashad v Kelly, 110 AD3d 509, 510 [1st Dept 2013], lv denied 23 NY3d 902 [2014]), such declaration as to the vesting date of plaintiff's right to receive pension payments would not bear on the calculation of his pension payment (see Administrative Code of City of NY §§ 13-256 and 13-218).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 5, 2019
CLERK